UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-1074 (MJD/RLE)

| | |
|---|---|
| KELLY JONES, | ) |
| | ) |
| Petitioner, | ) **RESPONSE OF UNITED STATES** |
| | ) **TO PETITIONER'S OBJECTION** |
| v. | ) **TO THE MAGISTRATE'S REPORT** |
| | ) **AND RECOMMENDATIONS** |
| FEDERAL BUREAU OF PRISONS, | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondents. | ) |

Respondents, appearing through its attorneys, United States Attorney B. Todd Jones and Assistant United States Attorney Ana H. Voss, hereby submit this response in opposition to Kelly Jones' objection to the Magistrate's Report and Recommendation.

In his objection, Kelly Jones (hereinafter "Petitioner") continues to claim due process violations and continues to argue that his motion for sanctions be granted. Because the Bureau of Prisons ("BOP") has held a second Disciplinary Hearing Officer ("DHO") hearing to correct any due process violations related to the first DHO hearing, Chief Magistrate Judge Raymond L. Erickson has recommended that this habeas

petition be denied as moot and that the motions for sanctions be denied. The Chief Magistrate is clearly correct in dismissing this Petition as moot and requiring Petitioner to file a new habeas petition to challenge any issues he has with the second DHO hearing, even though Petitioner may have exhausted his administrative remedies on these issues. The Chief Magistrate is also clearly correct in dismissing the motions for sanctions. However, in the event the Court desires to consider the merits of all the claims Petitioner makes in his objection, the government is addressing them, although it has not had an opportunity to fully review Petitioner's new claims related to the second DHO hearing.

Petitioner argues that Chief Magistrate Judge Raymond L. Erickson's Report and Recommendation ("R&R") failed to address the due process violation allegedly suffered by him by being denied full transcripts of the phone calls. See Docket No. 36, Petitioner's Objection/Response to Order and Report and Recommendation ("Objection") at 2. However, the Court adequately addressed this issue when it indicated the BOP has the necessary discretion to limit access to documentary

evidence and to compile it instead.  See Docket No. 31 at n.11.  In his Objection, the Petitioner for the first time claims that he had a signed release by the other party to the phone calls so that he should have been able to obtain the full telephone transcripts under the Freedom of Information Act.  Id. at 3.  However, please note that Petitioner failed to present the signed release that he purportedly possesses as documentary evidence at his second DHO hearing.  See Exhibits to Objection ("Objection Exhibits"), Docket No. 36-1, Ex. A, DHO Report, Parts III and V.  He also failed to include the signed release as an exhibit to his Objection.  See Objection Exhibits.

Petitioner continues to argue that his due process rights were violated because his staff representative allegedly did not receive a copy of the investigation previous to his first DHO hearing.  See Objection at 5-6.  This claim has been mooted by the Petitioner receiving a new DHO hearing. Petitioner also seems to argue that his staff representative did not receive a copy of the investigation previous to the second DHO hearing. See Objection Exhibits, Ex. C.  However,

3

his staff representative states that he did receive a copy of the Incident Report before the second DHO hearing. Id. Please note that the Incident Report includes the report of the investigating officer. See Docket No. 7, Declaration of Angie Buege, Attach. B, Incident Report, Part III. In addition, his staff representative was present at the first DHO hearing and was, therefore, already aware of the evidence. Furthermore, the DHO Report from the second hearing indicates that his staff representative was given an opportunity to review all materials and to meet with Petitioner prior to the DHO hearing. See Objection Exhibits, Ex. A, DHO Report, Part V.

Petitioner argues that his motion for sanctions should be granted, apparently claiming that the second DHO hearing was a sham held merely to avoid sanctions. See Objection at 13. He complains that although a written statement from his witness was presented at the second DHO hearing, the DHO disregarded the statement. See Objection at 13. However, even though his witness claimed she had never transferred any funds to another inmate, the DHO considered inmate account

4

evidence that reflected deposits were indeed made by Petitioner's witness into another inmate's account in the amounts requested by Petitioner in the phone calls with his witness. See Objection Exhibits, Ex. A, DHO Report, Part V. Because inmates are not allowed to give or receive anything of value from other inmates, based on the greater weight of the evidence, the DHO accordingly found that Petitioner committed the prohibited act of Use of the Telephone for Abuses Other than Criminal Activity, a Code 297 violation. Id. Therefore, Petitioner's motion for sanctions should be denied.

Petitioner also argues that his motion for sanctions should be granted because the same sanctions were imposed upon him at the second DHO hearing, even though he had already "gone through" some of them, such as the three-month phone restriction, and because Incident Report 1700094 appears twice in his permanent record. See Objection at 13. Although Incident Report 1700094 appears twice on Petitioner's record, the first notation of the Incident Report on March 18, 2008, clearly indicates the report as being suspended. See Objection Exhibits, Ex. E. The DHO did uphold the previous

5

sanctions imposed.  <u>See</u> Objection Exhibits, Ex. A, Section VI; <u>see</u> <u>also</u> Declaration of Angela Buege ¶ 6.  However, Petitioner did not receive double sanctions.  <u>Id.</u> ¶ 7.  Although telephone privileges were erroneously withheld from Petitioner for one week, the error was corrected and his phone privileges were not further restricted.  <u>Id.</u>  Thus, there is no basis to grant Petitioner's motion for sanctions.

It is the position of the government that United States Chief Magistrate Judge Raymond L. Erickson's well-reasoned and comprehensive Report and Recommendation of February 8, 2010, should be adopted by the Court in its entirety.

Dated: July 15, 2010               Respectfully submitted,

                                                  B. TODD JONES
United States Attorney

s/ Ana H. Voss

BY: ANA H. VOSS
Assistant U.S. Attorney
Attorney ID No. 483656
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
(612) 664-5788 (facsimile)
ana.voss@usdoj.gov